# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

LANDMARK LEGAL FOUNDATION
19415 Deerfield Ave, Suite 312
Leesburg, VA 20176,

       Plaintiff,

vs.

U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave, N.W.
Washington, DC 20530,

       Defendant.

Case No. _____

## COMPLAINT
### (COMPLAINT FOR DECLARATORY RELIEF)

Plaintiff Landmark Legal Foundation ("Landmark"), by and through undersigned counsel, brings this action against the U.S. Department of Justice ("DOJ" or "the Department") under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552 *et seq.*, seeking declaratory and other relief to enjoin DOJ to produce requested documents.

## JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and § 552(a)(6)(c)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

1

## PARTIES

3. Plaintiff Landmark Legal Foundation is a nonprofit organization created under the laws of Missouri with its principal place of business in Kansas City, Missouri, and with an office in Leesburg, Virginia.

4. Landmark is a national public interest law firm committed to preserving the principles of limited and ethical government, separation of powers, federalism, textual construction of the Constitution, individual rights, and fidelity to the rule of law.  Among Landmark's primary activities is the dissemination of information obtained through public records requests to the public about the official activities of governmental agencies and public officials.

5. Defendant Department of Justice is a federal department of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).  DOJ's headquarters is located at 950 Pennsylvania Ave, N.W., Washington, DC 20530.

## LANDMARK'S FOIA REQUESTS

*Initial Requests*

6. On July 24, 2013, Plaintiff submitted two Freedom of Information Act requests seeking production of public records from DOJ ("Personal Email FOIA Request" and "Alias Email FOIA Request") (Exhibit 1, Personal Email FOIA Request, and Exhibit 2, Alias Email FOIA Request, attached hereto and incorporated herein by reference.)  These Requests were addressed to the Department's Office of Information Policy and the Chief, FOIA/PA Branch at the Department's Civil Rights Division.

7. The purpose of these two requests was to discover the extent to which Department officials used personal email accounts to conduct official government business or created official government email accounts with alias or fictitious names.  As referenced in the two Requests,

contemporaneous news reports indicated that the former Assistant Attorney General for the Department of Justice's Civil Rights Division was alleged to have used personal email for official business over a thousand times. (Exhibit 1, at 2.) Furthermore, senior officials at the U.S. Environmental Protection Agency, Department of Labor, Department of Health and Human Services and the Department of Agriculture had used aliases for the creation of official email accounts. (Exhibit 2, at 3.)

8. Landmark's first Request, the Personal Email FOIA Request, sought records relating to the use of private or personal email accounts, specifically:

> Records evincing the use of any private or personal email account, text messaging service, instant messaging service, or any other private electronic communication, included but not limited to those sent via any social media service such as Facebook, Google Plus, or other private platform, for the conduct of Department business from January 20, 2009 to July 15, 2013. (Exhibit 1, at 2.)

9. Plaintiff's Personal Email FOIA Request was limited in scope to certain individuals: political appointees; Senior Executive Service employees; individuals in the Office of the Attorney General; individuals in the Office of the Deputy Attorney General; and individuals in the Civil Rights Division.

10. Plaintiff's Alias Email FOIA Request sought records relating to the establishment and maintenance of any and all email addresses for the same categories of individuals subject to Landmark's Personal Email FOIA Request: all political appointees; all Senior Executive Service officials; and all officials within the Office of the Attorney General; Office of the Deputy Attorney General; and the Civil Rights Division.

11. The Alias Email FOIA Request had several additional provisions. It sought any lists or compilations of email addresses "created for or by, assigned to and/or used by any political appointee or SES employee at the Department." This Request further sought "records evincing

3

that Department employees have provided counsel, advice or instruction to any person that Department employees not use their own names for their official Department email addresses." This Request further specified that it applied to covered personnel who were currently serving or who had served between January 1, 2009 and July 1, 2013.  (Exhibit 2, at 2.)

12.  For both Requests, Plaintiff sought a waiver of search, review, and reproduction fees pursuant to the FOIA and DOJ regulations under 5 U.S.C. § 552(a)(4)(A)(iii) and 28 C.F.R. 16.11.

13.  For both Requests, Plaintiff asked for expedited processing because it is an entity "primarily engaged in disseminating information" and has an "urgency to inform the public concerning actual or alleged Federal Government activity" under 5 U.S.C. § Section 552(a)(6)(E)(v)(ii).

14.  By letter, dated July 31, 2013, DOJ's Office of Information Policy ("OIP") acknowledged receipt of Plaintiff's Alias Email FOIA Request on July 24, 2013 and assigned it AG/13-04322 and DAG/13-04323.  OIP's letter further notified Landmark that its request for expedited processing was denied and that a decision had not been made on Landmark's request for a fee waiver.

15.  By letter, dated August 1, 2013, OIP acknowledged receipt of Plaintiff's Personal Email FOIA Request on July 24, 2013 and assigned it AG/13-04324 and DAG/13-04325.  OIP's letter further notified Landmark that its request for expedited processing was denied and that a decision had not been made on Landmark's request for a fee waiver.

16.  On August 15, 2013, Plaintiff's counsel agreed to narrow the scope of the Personal Email FOIA Request with a representative of OIP during a conversation over the telephone.

17. Upon information and belief, DOJ misapprehended their conversation and, as a result, improperly restricted the search for responsive records. Plaintiff raised this issue in its administrative appeals and disputed DOJ's characterization of the narrowed scope.

18. By letter, dated September 5, 2013, DOJ's Civil Rights Division acknowledged receipt of Plaintiff's Personal Email FOIA Request on August 6, 2013 and assigned it No. 13-00456F. The letter stated that some delay might be encountered and the request would be processed in approximate order of receipt. Furthermore, it did not address Plaintiff's request for a fee waiver.

19. By letter, dated September 5, 2013, DOJ's Civil Rights Division acknowledged receipt of Plaintiff's Alias Email FOIA Request on August 6, 2013 and assigned it No. 13-00455F. The letter stated that some delay might be encountered and the request would be processed in approximate order of receipt. Furthermore, it did not address Plaintiff's request for a fee waiver.

20. By letter, dated February 27, 2014, in response to the Personal Email FOIA Request, DOJ's Civil Rights Division notified Landmark that it had determined "the private and personal email accounts and other private electronic communications you requested are not 'agency records' under the FOIA and, accordingly, this is not a valid FOIA request…"

21. By letter, dated February 27, 2014, in response to the Alias Email FOIA Request, DOJ's Civil Rights Division released two documents to Plaintiff and claimed there were no other responsive documents. The release included: 1) a three page document "indicating the establishment and maintenance of new user email accounts;" and 2) an email dated October 8, 2009, regarding the establishment of a single official email address for Assistant Attorney General Tomas Perez. This email, from Dennis Dalton, "Information Systems Engineer," to

Alfred E. Dixon, and IOSC Help Desk, included the specific instruction to *not* create or utilize any aliases:

> Please change thomas.e.perez@usdoj.gov to tom.perez@usdoj.gov
> **Do not create/utilize any aliases.**  We want one single email address- tom.perez@usdoj.gov.
> Thomas.e.perez should cease to work when tom.perez becomes effective.
> This may change!  But for now, this is the deal!
> Please disregard any and all previous requests for this user's email address.
> (Emphasis added.)

Within the letter, the Civil Rights Division also stated that after review of documents responsive to the request, access to portions of these documents should be denied pursuant to 5 U.S.C §552(b)(6) and, furthermore, a discretionary release was not appropriate.

22.  By letter, dated February 27, 2014, in response to the Personal Email FOIA Request, OIP wrote on behalf of the Offices of the Attorney General and Deputy Attorney General.  Based on the prior narrowing of scope, OIP claimed it was unable to conduct a search for the records Plaintiff had requested because, according to OIP's understanding, Plaintiff was not interested in any records that had been "forwarded or copied to/from a Department e-mail account."

23.  Thus, as of February 27, 2014, DOJ separated Plaintiff's two FOIA requests into six files.  Originally, Plaintiff sought records from three offices within the Department of Justice: the Office of the Attorney General, the Office of the Deputy Attorney General, and the Civil Rights Division.  The Department assigned them different case numbers which corresponded to the various offices, thereby creating six separate files:  AG/13-04324 ("Personal/ Attorney General"); DAG/13-04325 ("Personal/Deputy Attorney General"); 13-00456-F ("Personal/Civil Rights"); AG/13-04322 ("Alias/Attorney General"); AG/13-04323 ("Alias/Deputy Attorney General"); and 13-00455-F ("Alias/Civil Rights").

24. DOJ has not responded to the Alias/AG Request (AG/13-04322) and the Alias/DAG Request (DAG/13-04323).

*Administrative Appeals*

25. On April 25, 2014, Plaintiff filed an administrative appeal with DOJ over OIP's denial of the Personal/Attorney General and Personal/Deputy Attorney General Requests (AG/13-04324, DAG/13-04325). Plaintiff argued that DOJ had wrongfully refused to instruct covered employees to search private repositories for responsive records, despite explicitly acknowledging their use, and that DOJ misapprehended the scope of records to which the Request was directed.

26. On April 25, 2014, Plaintiff filed an administrative appeal with DOJ over the Civil Rights Division's denial of the Personal/Civil Rights Request (13-00456-F). Plaintiff identified two issues: whether DOJ had performed a search reasonably calculated to uncover responsive documents and whether emails constituting official government business residing on personal email databases or other electronic storage media constitute official agency records and are subject to disclosure.

27. By letter, dated May 19, 2014, OIP acknowledged receipt of Plaintiff's Appeal relating to the Personal/Civil Rights Request (13-00456-F) and assigned it appeal number AP-2014-02834.

28. By letter, dated May 19, 2014, OIP acknowledged receipt of Plaintiff's Appeal related to the Personal/AG Request (AG/13-04324) and assigned it appeal number AP-2014-02835.

29. By letter, dated May 27, 2014, OIP acknowledged receipt of Plaintiff's Appeal related to the Personal/DAG Request (DAG/13-04325) and assigned it appeal number AP-2014-02836.

30. By letter, dated June 19, 2014, OIP denied Plaintiff's Appeal related to the Personal/DAG Request (DAG/13-04325/AP-2014-02836).

31. By letter, dated July 25, 2014, OIP denied Plaintiff's Appeal related to the Personal/AG Request (AG/13-04324/AP-2014-02835).

32. By letter, dated August 6, 2014, OIP remanded Plaintiff's Appeal related to the Personal/Civil Rights Request (13-00456-F/AP-2014-02834) to the Civil Rights Division.

33. By letter, dated October 14, 2014, the Civil Rights Division responded to the remand. The Civil Rights Division claimed that Plaintiff's narrowing of scope with OIP on behalf of the Attorney General and Deputy Attorney General applied to the scope of the Civil Rights Division response. Thus, the Civil Rights Division claimed it was not able to conduct a search for the records sought. The Civil Rights Division continued:

> As a result of another inquiry, however, (former) Assistant Attorney General Thomas Perez volunteered to collect his emails from his personal Verizon email account relating to Department of Justice official business for a brief period. Thus, the Civil Rights Division has records pertaining to approximately six months of personal emails from former AAG Perez.

The Civil Rights Division withheld other information pursuant to 5 U.S.C. §§ 552(b)(5) and (b)(6).

34. Thus, despite allegations from Congress that Assistant Attorney General Perez had used personal email for official business over a thousand times, the Civil Rights Division did not direct Mr. Perez to conduct a search of his personal email. The Civil Rights Division produced approximately sixty-four pages of documents which Mr. Perez had voluntarily provided them.

35. On December 12, 2014, Plaintiff appealed the latest denial related to the Personal/Civil Rights Request (13-00456-F/AP-2014-02834).

36. By letter, dated August 31, 2015, OIP denied Plaintiff's second appeal related to the Personal/Civil Rights Request (13-00456-F/AP-2014-02834).

37. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i) Plaintiff has exhausted all administrative remedies for the Personal/AG Request (AG/13-04324/AP-2014-02835), Personal/DAG Request (DAG/13-04325/AP-2014-02836), and Personal/Civil Rights Request (13-00456-F/AP-2014-02834).

38. Upon information and belief, the Department has possession and control of documents responsive Plaintiff's Requests.

## CAUSE OF ACTION
### First Count
**(Violation of FOIA, 5 U.S.C. § 552)**

39. Plaintiff realleges paragraphs 1-38 as if fully stated herein.

40. Defendant's failure to adequately search for and promptly make available the records sought by Plaintiff's Personal Email FOIA Request violates the FOIA, 5 U.S.C. § 552(a)(3)(A) & (D) and defendant's corresponding regulations.

41. Defendant is improperly withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

42. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

### Second Count
**(Violation of FOIA, 5 U.S.C. § 552)**

43. Plaintiff realleges paragraphs 1-38 as if fully stated herein.

44. Defendant's failure to adequately search for and promptly make available the records sought by Plaintiff's Alias Email FOIA Request violate the FOIA, 5 U.S.C. § 552(a)(3)(A) & (D) and defendant's corresponding regulations.

45. Defendant is improperly withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

46. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

**PRAYER FOR RELIEF**
**First Count**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter an immediate order directing DOJ to preserve all records potentially responsive to Plaintiff's Personal Email FOIA Request and prohibiting DOJ, its employees, agents or representatives from transporting, concealing, removing, destroying or in any way tampering with records potentially responsive to Plaintiff's FOIA request;

2. Enter its order declaring that the Department of Justice:

    a. has failed to conduct a search reasonably calculated to uncover responsive records;

    b. immediately order officials covered by Landmark's FOIA Request perform a search of private email servers for responsive records; and

    c. must process and produce immediately all records responsive to Landmark's FOIA Request;

3. Award Plaintiff's costs and reasonable attorneys' fees incurred in this action; and

4.       Grant such other relief as the Court may deem just and proper.

## Second Count

WHEREFORE, Plaintiff respectfully requests that this Court:

1.       Enter an immediate order directing DOJ to preserve all records potentially responsive to Plaintiff's Alias Email FOIA Request and prohibiting DOJ, its employees, agents or representatives from transporting, concealing, removing, destroying or in any way tampering with records potentially responsive to Plaintiff's FOIA request;

2.       Enter its order declaring that the Department of Justice:

    a.    has failed to conduct a search reasonably calculated to uncover responsive records;

    b.    must process and produce immediately all records responsive to Landmark's Alias Email FOIA Request;

3.       Award Plaintiff's costs and reasonable attorneys' fees incurred in this action; and

4.       Grant such other relief as the Court may deem just and proper.

DATED: 16 October, 2015              Respectfully Submitted,

                                              s/ Michael J. O'Neill
                                              Michael J. O'Neill (DC Bar 478669)
                                              Landmark Legal Foundation
                                              19415 Deerfield Ave
                                              Suite 312
                                              Leesburg, VA 20176
                                              703-554-6100
                                              703-554-6119 (facsimile)