**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| LANDMARK LEGAL FOUNDATION, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-cv-1698 (TSC) |
| | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Landmark Legal Foundation ("Landmark") is a non-profit law firm whose mission includes dissemination of information obtained through public records requests about governmental agencies' and public officials' activities. In this Freedom of Information Act ("FOIA") action, Landmark seeks documents related to public officials' use of private or alias email accounts to conduct government business from two divisions of the Department of Justice ("DOJ"): the Office of Information Policy ("OIP") and the Civil Rights Division. Defendant has filed a partial motion to dismiss Count I of the complaint, seeking personal email records, as to both OIP and Civil Rights, and Count II of the complaint, seeking alias email records, as to Civil Rights. Because Plaintiff failed to adequately describe the records sought under Count I, and failed to administratively exhaust the alias email request as to the Civil Rights division under Count II, the court will GRANT Defendant's motion and dismiss Count I against both divisions and Count II against Civil Rights.

1

## I.      BACKGROUND

On July 24, 2013 Plaintiff submitted two FOIA requests, the "Personal Email FOIA

Request" and the "Alias Email FOIA Request," to the Department of Justice.  (Compl. ¶ 6, ECF

No. 1).  The "Personal Email FOIA Request," addressed to both the OIP's Chief of Staff and the

Civil Rights Division's Chief of the FOIA/PA Branch, requested:

> Records evincing the use of any private or personal email account, text messaging
> service, instant messaging service, or any other private electronic communication,
> included but not limited to those sent via any social media service such as Facebook,
> Google Plus or other private platform, for the conduct of Department business **from
> January 20, 2009 to July 15, 2013**[.]

(Compl. Ex. 1 (emphasis in original)).  Plaintiff indicated that its request was limited to the

records of political appointees, individuals serving in the Senior Executive Service, individuals

in the Office of the Attorney General and Office of the Deputy Attorney General, and in the Civil

Rights Division.  (*Id.*).  The "Alias Email FOIA Request," similarly addressed to both OIP Chief

of Staff and the Civil Rights FOIA/PA Branch, requested records from January 1, 2009, to July

1, 2013,

> relating to . . . records evincing the establishment and maintenance of any and all email
> addresses for all political appointees[,] . . .  officials designated Senior Executive
> Service[,] . . . officials who currently serve or have served in the **Office of the Attorney
> General**[,] . . . officials who currently serve or have served in the **Office of the Deputy
> Attorney General**[, and] . . . officials who currently serve or have served in the **Civil
> Rights Division** . . .
> 6 . . .  records including spreadsheets, memoranda, or other records providing a list, chart
> or other compilation of email addresses created for or by, assigned to and/or used by any
> political appointee or SES employee at the Department . . .
> 7 . . .  records evincing that Department employees have provided counsel, advice or
> instruction to any person that Department employees not use their own names for their
> official Department email addresses.

(Compl. Ex. 2 (emphasis in original)).

### a.  The Personal Email Request

The Personal Email Request received three different case numbers, one for each office from which Plaintiff sought records—the Office of the Attorney General, the Office of the Deputy Attorney General, and Civil Rights.  OIP, on behalf of the Attorney General and Deputy Attorney General, discussed the request over the phone with Plaintiff, who agreed to narrow the scope of its request.  (Compl. ¶ 16); (Def. Partial Mot. to Dismiss 4, ECF No. 6).  OIP sent a follow-up letter on February 27, 2014, confirming that Plaintiff "wished to receive records in which personal e-mail accounts were exclusively used to conduct Department of Justice business with other offices or agencies in the government," but did not wish to "receiv[e] e-mails that had been forwarded by an OAG or ODAG official between their Department of Justice account and their personal e-mail account, or . . . e-mails to or from a personal e-mail account when the Department of Justice account is copied, or 'cc'd.'"  (Def. Partial Mot. to Dismiss Ex. 3).  Given that request, the OIP wrote, "we are unable to conduct a search . . . for the records you are seeking. Any search . . . would locate only e-mails that were forwarded or copied to/from a Department e-mail account, and you have indicated that you are not interested in such material." (*Id.*).

Plaintiff appealed the response, arguing that the February 27 letter "misapprehended the scope of records to which the Request was directed," and that Defendant had "wrongfully refused to instruct covered employees to search private repositories for responsive records." (Compl. ¶ 25).  OIP denied the appeal with respect to both the Attorney General and Deputy Attorney General, explaining that it was affirming the initial finding that Plaintiff "did not seek agency records that can be located within a records system of the agency."  (Def. Partial Mot. to Dismiss Exs. 10, 11).  OIP based its reasoning on the fact that there was no specific reason to believe that agency staff were using personal email to conduct Department business, as well as

the fact that personal email records not referenced in the Department email system do not constitute agency records that could be located by a Department search.  (*Id.*).

Civil Rights responded separately to the Personal Email Request.  It determined that the records sought were not "agency records" under FOIA and therefore the request was not a valid FOIA request.  (Def. Partial Mot. to Dismiss Ex. 2).  Plaintiff appealed, arguing that "the Department failed to conduct a search reasonably calculated to uncover all responsive records." (Def. Partial Mot. to Dismiss Ex. 4, at 2).  Plaintiff contended that Defendant should direct Civil Rights personnel covered by its FOIA request to search their personal emails and text messages for agency records.  (*Id.* at 2–3).  First, Plaintiff argued, Defendant's refusal to search at all was "based on a disingenuous and improper reading of" Supreme Court precedent defining "agency records."  (*Id.* at 6).  Plaintiff noted that "DOJ has not provided any details regarding the search it performed for records evincing the use of personal emails" and "also failed to provide the search terms that it utilized in determining that no records exist."  (*Id*. at 7).  Plaintiff concluded that a proper FOIA search by DOJ would involve asking the covered personnel whether they used personal email to conduct official business, and then, for those who responded affirmatively, requiring them to search their personal accounts for any responsive records.  (*Id*.).

OIP responded by remanding the request to Civil Rights.  (Def. Partial Mot. to Dismiss Ex. 5).  On remand, Civil Rights indicated that "[a]ny search conducted by this office could possibly locate only emails that were forwarded or copied to/from a Department email account, and you have indicated that you are not interested in such material."  (Def. Partial Mot. to Dismiss Ex. 6, at 2).  It noted, however, that it had a collection of then-Assistant Attorney General Thomas Perez's emails for a six-month period between January and May 2013; Perez had volunteered to collect those emails in relation to a different inquiry.  (*Id.*).  Civil Rights

provided Plaintiff with 64 pages of documents from Perez's email, with information it

considered to be attorney work product and pre-decisional deliberative material and information

that would constitute an unwarranted invasion of personal privacy redacted.  (*Id.*).  Plaintiff

appealed again, arguing that "DOJ wrongfully refused to instruct covered employees to search

private repositories for responsive records, despite acknowledging their use," and that "DOJ

misunderstood or otherwise mischaracterized the scope of records to which this FOIA request is

directed."  (Def. Partial Mot. to Dismiss Ex. 7).  OIP again affirmed, finding that Civil Rights

had performed an "adequate, reasonable" search, that Civil Rights had properly searched Perez's

personal emails after becoming aware that he had used personal emails, and that "[t]o the extent"

the request was that "the Civil Rights Division . . . search any and all email accounts of Civil

Rights Division personnel for any evidence that any employee used personal email to conduct

agency business," such a search would be unreasonably burdensome.  (Def. Partial Mot. to

Dismiss Ex. 8).  OIP noted that in order to comply with such a request, Civil Rights would have

to search every email account of every employee, and "would be unable even to limit its search

by topic."  (*Id.*).   It invited Plaintiff to "make a more specific request."  (*Id.*).

### b.  The Alias Email Request

The Alias Email Request was also assigned three different case numbers for the Attorney

General, the Deputy Attorney General, and Civil Rights.  Civil Rights responded with a

document showing the creation of new email accounts.  (Def. Partial Mot. to Dismiss Ex. 13).  It

also enclosed an email regarding changing Perez's email address from

thomas.e.perez@usdoj.gov to thomas.perez@usdoj.gov.  (*Id.*).  It redacted portions of the

documents for privacy reasons pursuant to 5 U.S.C. § 552(b)(6), and informed Plaintiff that it

had "no other records responsive to your request for alternative, secret, fictitious, alias or any

other kind of email account." (Def. Partial Mot. to Dismiss Ex. 13). Plaintiff did not appeal this response to the alias email request. OIP had not, as of the time of the Department's filing of the partial motion to dismiss, responded to the alias email request on behalf of the Offices of the Attorney General and Deputy Attorney General.

## II.    LEGAL STANDARD

Dismissal of a complaint is appropriate where the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), the court construes the facts in favor of the plaintiff and assumes all alleged facts to be true. *Porter v. C.I.A.*, 778 F. Supp. 2d 60, 65 (D.D.C. 2011). Where the court must consider matters outside the pleadings, "a motion to dismiss 'must be treated as one for summary judgment under Rule 56.'" *Id.* (citing Fed. R. Civ. P. 12(d); *Yates v. District of Columbia*, 324 F.3d 724, 725 (D.C. Cir. 2003)).

Summary judgment is appropriate where the record shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). In determining whether a genuine issue of material fact exists, the court must view all facts in the light most favorable to the non-moving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "A fact is 'material' if a dispute over it might affect the outcome of a suit under governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). "An issue is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson* 477 U.S. at 248).

FOIA cases are "typically and appropriately" decided on motions for summary judgment. *Gold Anti-Trust Action Comm., Inc. v. Bd. of Governors of the Fed. Reserve Sys.*, 762 F. Supp. 2d 123, 130 (D.D.C. 2011) (citation omitted).  Upon an agency's request for summary judgment in its favor on the grounds that it has fully discharged its FOIA obligations, all underlying facts and inferences are analyzed in the light most favorable to the FOIA requester; only after an agency proves that it has fully discharged its FOIA obligations is summary judgment appropriate.  *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996).

In cases concerning the applicability of exemptions and the adequacy of an agency's search efforts, summary judgment may be based solely on information provided in the agency's supporting declarations.  *See, e.g.*, *ACLU v. U.S. Dep't of Def.*, 628 F.3d 612, 619 (D.C. Cir. 2011); *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 838 (D.C. Cir. 2001).  "If an agency's affidavit describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith, then summary judgment is warranted on the basis of the affidavit alone."  *ACLU*, 628 F.3d at 619.  "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'"  *Id.* (internal quotation marks omitted) (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)).  However, a motion for summary judgment should be granted in favor of the FOIA requester where "an agency seeks to protect material which, even on the agency's version of the facts, falls outside the proffered exemption."  *Coldiron v. U.S. Dep't of Justice*, 310 F. Supp. 2d 44, 48 (D.D.C. 2004) (internal quotation marks omitted) (quoting *Petroleum Info. Corp. v. Dep't of Interior*, 976 F.2d 1429, 1433 (D.C. Cir. 1992)).

In considering the adequacy of an agency's search in response to a FOIA request,

> [t]he question is not "whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*. The adequacy of the search, in turn, is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case. In demonstrating the adequacy of the search, the agency may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith."

*Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (citation omitted). An agency may prove the reasonableness of its search through a declaration of a responsible agency official, so long as the declaration reasonably details the documents and justifications for nondisclosure and is not controverted by contrary evidence or evidence of bad faith. *Sanders v. Obama*, 729 F. Supp. 2d 148, 155 (D.D.C. 2010), *aff'd sub nom. Sanders v. U.S. Dep't of Justice*, 10-5273, 2011 WL 1769099 (D.C. Cir. Apr. 21, 2011) (citing *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)). Although the agency is not required to search every record system, it must make a good faith effort to reasonably search systems that are likely to contain the requested information. *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). The agency declaration can demonstrate reasonableness by "setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Sanders*, 729 F. Supp. 2d at 155 (citation omitted) (internal quotation marks omitted). Once an agency has provided adequate affidavits, the burden shifts to the plaintiff to demonstrate that the agency did not make good faith search. *Id.* The presumption of good faith "cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation omitted).

## III.   ANALYSIS

### A.  The Personal Email Request

Defendant argues that Plaintiff's personal email request is not a valid FOIA request because it fails to properly describe the records sought and is unreasonably broad and burdensome.  A proper FOIA request must reasonably describe the records sought, and it must be made in accordance with the regulations of the agency from which records are sought.  5 U.S.C. § 552(a)(3)(A) (2012), *amended by* OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524.  Failure to make a proper FOIA request is considered by some courts to be a failure to exhaust administrative remedies, precluding judicial review.  *See Dale v. IRS.*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002) ("failure to file a perfected request . . . constitutes failure to exhaust administrative remedies"); *Keys v. Dep't of Homeland Sec.*, No. 08-cv-726, 2009 WL 614755, at *5 (D.D.C. Mar. 10, 2009) (finding failure to exhaust administrative remedies where plaintiff did not respond to letter asking that he narrow his request by identifying a particular U.S. Attorney's office from which he wished to obtain records).

A FOIA requester's description of the records she seeks is reasonable if it "enable[s] a professional employee of the agency who [i]s familiar with the subject area of the request to locate the record with a reasonable amount of effort."  *Truitt v. Dep't of State*, 897 F.2d 540, 545 n.36 (D.C. Cir. 1990) (quoting H.R. Rep. No. 93-876, at 6 (1974), *reprinted in* 1974 U.S.C.C.A.N. 6267, 6271) (internal quotation mark omitted).  The D.C. Circuit has held that the "linchpin inquiry" in determining whether a FOIA request properly describes the records sought is "whether the agency is able to determine precisely what records (are) being requested."  *Yeager v. Drug Enf't Admin.*, 678 F.2d 315, 326 (D.C. Cir. 1982) (internal quotation marks omitted).

Defendant contends, and the court agrees, that Plaintiff's request for "[r]ecords evincing the use of" personal email accounts and other electronic communication and social media

platforms to conduct government business does not enable a professional DOJ employee to

determine what records are being sought.  Plaintiff does not define "evince," nor explain how a

record can "evince" the use of personal email or social media accounts.  Plaintiff's request does

not ask for specific records, but rather for any records that might suggest that *other* records exist.

While the object of Plaintiff's requests may be to determine whether Department of Justice

employees are using personal email accounts to conduct government business, Plaintiff cannot

force the Department to answer that question through a FOIA request.  *See Frank v. Dep't of*

*Justice*, 941 F. Supp. 4, 5 (D.D.C. 1996) ("The Justice Department is not required, by FOIA or

by any other statute, to dig out all the information that might exist, in whatever form or place it

might be found, and to *create* a document that answers plaintiff's question.").  Plaintiff may want

a list of DOJ employees who use personal email for Department business, but FOIA only entitles

it to such a list if the Department already has one—it does not require the Department to create

one.  *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 161–62 (1975) (FOIA does not compel

agencies to write opinions or create explanatory material); *see also Nat. Sec. Counselors v. CIA*,

898 F. Supp. 2d 233, 271 (D.D.C. 2012) ("[A] FOIA request for a listing or index of a database's

contents that does not seek the contents of the database, but instead essentially seeks information

about those contents, is a request that requires the creation of a new record, insofar as the agency

has not previously created and retained such a listing or index.").

　　　　Plaintiff's Personal Email Request covered the following individuals: political

appointees, individuals serving in the Senior Executive Service, individuals in the Office of the

Attorney General and Office of the Deputy Attorney General, and individuals in the Civil Rights

Division.  Plaintiff argues that the request was "tailored to apply to the Department's leadership,"

(Pl. Mem. P. & A. 15, ECF No. 8), but Defendant counters that the list "effectively covers all

employees" in the Attorney General, Deputy Attorney General, and Civil Rights divisions. (Def. Reply 4, ECF No. 9). Defendant also points out that Plaintiff referred not just to individuals in high-level leadership positions but rather used the word "employees" repeatedly in its filings to the court and communications with Defendant. (*Id.* at 4–5 (citing Pl. Mem. P. & A. 7 ("the request covered the leadership of the Department of Justice as well as employees in three high level and sensitive offices"); (Def. Partial Mot. to Dismiss Exs. 1, 9, 7)). The request listed numerous types of personal communication accounts (including text messaging, instant messaging, and Facebook), and while Plaintiff's response to Defendant's motion refers in numerous places only to emails (*see* Pl. Mem. P. & A. 2, 5, 14, 17, 19), Plaintiff never narrowed its search to emails only during its administrative process with the agency.

A request for all the personal emails and other forms of communication by all employees within the three divisions named, along with other Department of Justice employees in leadership positions, is unreasonably burdensome. *See, e.g., Hainey v. U.S. Dep't of the Interior*, 925 F. Supp. 2d 34, 45 (D.D.C. 2013) (finding a FOIA request for all internal communications between 25 employees over two-year time period unreasonably burdensome); *People for Am. Way Found. v. U.S. Dep't of Justice*, 451 F. Supp. 2d 6, 12 (D.D.C. 2006) ("To be sure, FOIA does not require an agency to conduct what amounts to an unreasonably burdensome search . . . ."). Presuming for the moment that material that would constitute an agency record that is located within an agency employee's personal email or other communication account is subject to FOIA,[1] the request would require employees to search through all of their communication

---

[1] The parties belabor whether records contained in an agency employee's non-work email or social media accounts can constitute agency records subject to FOIA. The D.C. Circuit recently held, in *Competitive Enterprise Institute v. Office of Science & Technology Policy*, 827 F.3d 145, 146 (D.C. Cir. 2016), that FOIA covered emails sent to or from an email account of the Director of the Office of Science and Technology Policy on the server of a private entity, the Woods Hole

accounts for anything referencing Department business, without so much as a specific topic by which to narrow the search.

Plaintiff argues that "all the Department needs to do is to email the applicable employees, ask them whether they ever communicated with outside groups about official business through personal email and, if so, search their emails for responsive documents and forward them to the Department's FOIA Coordinator." (Pl. Mem. P. & A. 19). Perhaps if Plaintiff were seeking records related to a particular topic, exchange, or piece of official business, it would be reasonable to expect Department employees to locate any agency records in their personal accounts pertaining to that topic, exchange, or piece of business and forward them to the FOIA coordinator, but absent an identifiable search term the request is nearly impossible. An employee cannot search their personal email for "instances in which I used my personal email to conduct government business"—such a search would not only be difficult to formulate, but would also likely not uncover responsive records—rather, they would need a concrete and specific search term. *See Sack v. CIA*, 53 F. Supp. 3d 154, 163–65 (D.D.C. 2014) (granting summary judgment to the CIA on plaintiff's request for all "documents pertaining in whole or in part (all years, all classifications) to a list of closed Inspector General investigations and reports" because the "pertaining to" language did not adequately describe the records sought, as a "a record may pertain to something without specifically mentioning it"). Similarly, here, an email may "evince" the use of personal email to conduct government business without specifically mentioning "government business" or "Department of Justice business."

---

Research Center. However, because the court finds that the personal email request here did not adequately describe the records sought, it does not reach the question of whether—had the Plaintiff identified a particular search term for its FOIA request—the agency would be required to retrieve records from personal email accounts.

In response to Defendant's argument that the request is unreasonably burdensome, Plaintiff argues that it "engaged in a good faith effort to narrow the scope of its Requests," (Pl. Mem. P. & A. 15; Compl. ¶ 16), and that Defendant then "misapprehended their conversation and, as a result, improperly restricted the search for responsive records," (Compl. ¶ 17).  Plaintiff does not explain in the Complaint or in its pleadings how Defendant "misapprehended" its efforts to narrow the scope of the request.  Defendant indicates that it understood Plaintiff as having agreed that it was not interested in emails forwarded between an employee's DOJ account and their personal account, or personal account emails with the DOJ "cc'ed," and that Plaintiff's request was limited to instances where "personal e-mail accounts were exclusively used to conduct Department of Justice business with other offices or agencies in the government."  (Def. Partial Mot. to Dismiss Ex. 3).  Plaintiffs stated in their administrative appeal and again to this court that Defendant's understanding was wrong, but it has not said how.  Ultimately, regardless of whether Defendant misunderstood Plaintiff's intent in narrowing the scope of the search, Plaintiff has not made a request that adequately describes the records sought.  Plaintiff's "good faith effort" cannot convert an invalid and unreasonable request into a valid and reasonable one.

Plaintiff makes some additional arguments specific to the personal email request submitted to Civil Rights.  First, it argues that Civil Rights improperly assumed that the conversation Plaintiff had with OIP regarding narrowing the request was also applicable to Civil Rights.  (Pl. Mem. P. & A. 11).  But, without any explanation of how exactly OIP misunderstood, the court sees no error in Civil Rights's implementation of OIP's understanding. Unless Plaintiff was seeking records of emails that were forwarded between Civil Rights employees' work email accounts and personal email accounts—and Plaintiff has not indicated

that it sought those emails—Civil Rights's application of the narrowed scope that Plaintiff

discussed with OIP makes no difference to Plaintiff's search.

Second, Plaintiff suggests that, because Civil Rights voluntarily released some of Thomas

Perez's personal emails, Civil Rights necessarily viewed those emails as responsive records and

it therefore had the obligation to release other similar responsive records.  The court does not

find this argument persuasive.  Civil Rights's voluntary release of these records does not prove

that the request adequately described the records sought.  The fact that Thomas Perez may have

been able to locate a sample of personal email records involving the conduct of government

business does not suggest that all Civil Rights employees would be similarly able to do so; nor

does it impact the court's findings regarding the burdensome nature of the request.  Additionally,

Plaintiff alleges that the release of 64 pages of Perez's emails was inadequate: "The Civil Rights

Division produced approximately sixty-four pages of documents from Mr. Perez's personal

emails despite the allegation that there had been over a thousand instances." (*Id.* at 5).  Plaintiff

undermines its argument by simultaneously claiming that the Perez release fulfilled its request—

and therefore Civil Rights should have been able to do the same with respect to all its

employees—and that the Perez release was insufficient and did not fulfill its request.

Because Plaintiff's request did not adequately describe the records sought, and because

the request was unreasonably burdensome, the court will grant summary judgment to Defendant

on the personal email request.

### B.  The alias email request

Defendant asks the court to dismiss the alias email request claim against the Civil Rights

Division because Plaintiff failed to appeal the division's response.  Civil Rights responded to the

alias email request by producing a document showing the creation of email accounts for

employees. (Def. Partial Mot. to Dismiss Ex. 13).  It also produced a one-page email, with some

parts redacted pursuant to 5 U.S.C. § 552(b)(6), referencing the creation of a single email

account for Thomas Perez.  (*Id.*).  Defendant asserts that Plaintiff never appealed the Civil Rights

response to the alias email request.  Plaintiff's opposition to Defendant's motion does not

address this argument and the court has the discretion to treat this argument as conceded.  *See*

*Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) ("[W]hen a plaintiff files a response

to a motion to dismiss but fails to address certain arguments made by the defendant, the court

may treat those arguments as conceded.").[2]  However, given the development of the record

before it, the court will address Defendant's argument.  Failure to administratively appeal a

FOIA response in general constitutes a failure to exhaust administrative remedies, which allows

a court to decline to review the claim.  *See Citizens for Responsibility & Ethics in Wash. v. Fed.*

*Election Comm'n*, 711 F.3d 180, 182 (D.C. Cir. 2013) ("As a general matter, a FOIA requester

must exhaust administrative appeal remedies before seeking judicial redress.").  If the agency

does not meet FOIA's statutory deadlines for responding to a request—which specify that an

agency must respond in some form within 20 days of a request, 5 U.S.C. § 552(a)(6)(A)(i)—the

requester may not be required to appeal in order to exhaust administrative remedies.  *Citizens for*

*Responsibility & Ethics in Wash.*, 711 F.3d at 182 ("[I]f an agency does not adhere to certain

statutory timelines in responding to a FOIA request, the requester is deemed by statute to have

fulfilled the exhaustion requirement.").  Here, Civil Rights received the alias email request on

August 6, 2013, and responded by September 5, 2013—20 business days later—indicating that

there might be some delay.  It then responded with the produced records on February 27, 2014.

[2] *Stephenson* cites former Local Civil Rule 7.1(b), which explicitly allowed the court to treat a point not responded to in an opposition motion as conceded; while that provision is no longer in the Local Rules, current Local Civil Rule 7(b) allows the court to consider failure to file an opposition motion within the prescribed time as a concession, and the same principle applies to failure to address specific arguments in an opposition motion.

Civil Rights, having responded in a timely fashion, met its obligations, and Plaintiff was therefore required to administratively appeal, in conformity with DOJ's regulations, in order to seek relief in this court.  *See* 28 C.F.R. § 16.8(d) ("Before seeking review by a court of a component's adverse determination, a requester generally must first submit a timely administrative appeal.").

Although not a jurisdictional bar, *see Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004), failure to exhaust precludes judicial review where the "purposes of exhaustion" and the "particular administrative scheme" support such a bar.  *Id.* (quoting *Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003)) (internal quotation marks omitted).  Given FOIA's administrative scheme favoring administrative appeal, the DOJ regulations requiring internal appeal, and the exhaustion principle that an agency must have the opportunity to review the claim before it is brought in federal court, the Plaintiff's failure to exhaust in this particular case precludes this court's review.

Accordingly, the court will dismiss Count II of the complaint, involving the alias email records, against the Civil Rights Division.

**IV.     Conclusion**

For the reasons stated, the court will grant summary judgment to the Defendant on Count I of the complaint and Count II as to the Civil Rights division.

A corresponding order will issue separately.

Dated: September 30, 2016